```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/13/2026
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
AKEEM SHERIFF,                                                      :
                                                                    :
                              Petitioner,                           :      1:26-cv-1092-GHW
                                                                    :
                -v-                                                 :      ORDER
                                                                    :
LAWRENCE CATLETTI, *et al.*,                                        :
                                                                    :
                              Respondents.                          :
                                                                    :
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

The Court, having reviewed the Government's February 12, 2026 letter, Dkt. No. 9, sets the briefing schedule for Petitioner's petition for a writ of *habeas corpus*, Dkt. No. 1, as follows: The Government's opposition to the petition is due no later than February 19, 2026; Petitioner's reply, if any, is due three days after the date of service of the Government's opposition.

A footnote in the Government's letter states that Petitioner's detention is governed by 8 U.S.C. § 1225(b)(2)(A), rather than 8 U.S.C. § 1226(c) as Petitioner asserts. Given Petitioner's prior larceny convictions, Dkt. No. 1 ¶ 18, that statement raises a question as to whether the Government contends that the Laken Riley Act does not apply at all where detention is predicated on § 1225(b)(2)(A). The Government is directed to address in its brief whether it takes the position that the Laken Riley Act's mandatory detention provisions are inapplicable here, where the Petitioner has prior larceny convictions. *See Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

SO ORDERED.

Dated: February 13, 2026
       New York, New York

                                                            _____
                                                            GREGORY H. WOODS
                                                            United States District Judge